**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA LLC, | ) | |
| | ) | Case No. 3:13-cv-50286-FJK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | |
| JOHN DOE, subscriber assigned IP address | ) | |
| 98.227.36.117, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE
BRIEF *AMICUS CURIAE* IN SUPPORT OF SANCTIONS**

The Electronic Frontier Foundation ("EFF") hereby moves for leave to file an *amicus curiae* brief in the above-captioned case in support of sanctions against Malibu Media ("Malibu") and its counsel for violation of Federal Rule of Civil Procedure 11(b)(1). EFF has monitored the nationwide phenomenon of copyright infringement litigation against Internet users since 2010, and has advocated for the due process rights of those users through *amicus* briefs, expert testimony, and as court-appointed attorneys *ad litem*. In this action, where no defendant has appeared and the Court has asked why Malibu Media, and its attorney, "should not be sanctioned in accordance with Rule 11 for the same reasons set out by Judge Conley in the Western District of Wisconsin in that court's case number 13-cv-205-WMC, *et al*.," an analysis of the facts and law from the defendant's perspective will aid the Court's decision making. Order, ECF No. 2. Accordingly, EFF requests leave to file the *amicus* brief attached as Exhibit A.

EFF is a member-supported, nonprofit public interest organization dedicated to protecting civil liberties and free expression in the digital world. EFF seeks to protect the rights of Internet

users to communicate, learn, and engage in daily life online. EFF has participated in many cases where a copyright owner seeks damages for alleged infringement of creative works on the Internet using the BitTorrent protocol.[1]

EFF was granted leave to file an *amicus* brief in the underlying litigation. On May 28, 2013, Magistrate Judge Crocker of the Western District of Wisconsin ordered plaintiff Malibu Media to show cause why that court should not issue Rule 11(b) sanctions for its regular practice of attaching an apparently unrelated and embarrassing "Exhibit C" to the complaints in eleven copyright infringement cases. District Judge William M. Conley[2] permitted EFF to file an *amicus* brief over Malibu Media's opposition. *Malibu Media v. Doe*, Order Granting Motion for Leave to File *Amicus* Brief (ECF No. 26), Case No. 3:13-cv-00205-WMC (W.D. Wisc. July 18, 2013); *see also Malibu Media v. Doe*, Opinion and Order (ECF No. 31), slip op. at 3-4, Case No. 3:13-cv-00205-WMC (W.D. Wisc. Sept. 10, 2013) ("Amicus Electronic Frontier Foundation ('EFF') got wind of this order and, given its unique insights and interests, received this court's permission to file its own brief in support of sanctions."). As this Court is aware, the Wisconsin court ultimately sanctioned counsel for Malibu Media in each of the eleven cases. *Id.*

EFF has also participated in numerous other actions across the country. In 2010, Judge Godbey of the Northern District of Texas appointed an EFF staff attorney to serve as *ad litem* counsel for 670 John Doe defendants in a copyright case, like the instant cases, involving alleged infringing downloads.[3] In the seminal case of *AF Holdings, LLC v. Does 1-1,058*, which is currently pending before the Court of Appeals for the D.C. Circuit, EFF presented *amicus* briefing and expert testimony on the operation of BitTorrent, on the accuracy of plaintiffs' pre-

---

[1] *See, e.g., Hard Drive Prods., Inc. v. Does 1-1,495*, No. 1:11-cv-1741 (D.D.C. Jan. 30, 2012); *Millennium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).

[2] All Malibu Media cases in the Western District of Wisconsin were reassigned to Judge Conley on July 12, 2013.

[3] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).

suit investigations, and on the evidentiary value of Internet Protocol addresses to establish personal jurisdiction.[4] EFF's interest in these cases is to assure that due process, and the careful balance of public and private rights embodied in U.S. copyright law, are preserved regardless of the merits of each infringement claim.

"An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.). For example, when a *pro se* litigant is unable to represent herself competently, the Seventh Circuit encourages amicus participation. *Wenfang Liu v. Mund*, 686 F.3d 418, 420 (7th Cir. 2012); *see also Skolnick v. Mayor and City Council of Chicago*, 415 F.2d 1291, 1292 (7th Cir. 1969).

In the instant cases, defendants are in danger of being coerced into unjust settlements by the threat of public embarrassment before having any reasonable opportunity to be heard. In fact, the conduct that led to the Court's Order to Show Cause – including with complaints a list of highly embarrassing pornographic movie titles for which Malibu is *not* claiming copyright infringement – creates a strong incentive for defendants to *avoid* appearing before this Court. Raising defenses, no matter how meritorious, would risk defendants' identity being revealed and publicly associated with the scandalous titles listed in their "Exhibit C." Given the circumstances, the defendants are inadequately represented at this stage, though their rights are very much at stake.

EFF will assist the Court by providing a response to Malibu's briefing, including placing Malibu's conduct in context with the broader phenomenon of BitTorrent litigation and providing authority supporting the Court's contention that Malibu's conduct has violated Rule 11. EFF respectfully request that it be allowed to file the brief attached as Exhibit A.

---

[4] *AF Holdings, LLC v. Does 1-1,058*, No. 12-7135 (D.C. Cir).

Dated:      October 15, 2013        Respectfully submitted,

                               /s/ Erin K. Russell

Erin K. Russell
THE RUSSELL FIRM
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
Tel: (312) 994-2424
Fax: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

Julie P. Samuels
ARDC # 6287282
Kurt Opsahl (*pro hac vice* pending)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: julie@eff.org

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*