IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA LLC, | ) | |
| | ) | |
| Plaintiff | ) | No. 13 cv 50286 |
| | ) | |
| vs | ) | Judge Frederick J. Kapala |
| | ) | |
| JOHN DOE, subscriber assigned IP address 98.227.36.117 | ) ) | |
| | ) | |
| Defendant | ) | |

MALIBU MEDIA LLC'S RESPONSE IN OPPOSITION
TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Malibu Media, LLC, ("Malibu Media"), by its undersigned attorney, states as its response in opposition to Electronic Frontier Foundation's, ("EFF"), motion for leave to file an amicus brief as follows:

INTRODUCTION

On September 13, 2013 this Court entered an order directing Plaintiff and its attorneys to show cause why it should not be sanctioned for the reasons set forth in the September 10, 2013 Order, (the "September 10, 2013 Order"), entered in Wisconsin, (the "First Court"). Plaintiff and its attorneys have responded to the show cause order. The arguments made in that response, (the "Response") are incorporated by reference.

On October 15, 2013 the Electronic Frontier Foundation, ("EFF"), filed a motion for leave to file an amicus brief, (the "Amicus Brief") which was attached to the motion. The Amicus Brief adds nothing to justify entering sanctions against either Plaintiff or its attorneys, and EFF's motion to file it should be denied.

The September 10, 2013 Order found that undersigned violated Fed.R.Civ.P. 11

by attaching an exhibit ("Exhibit C") to Malibu Media's complaints. In those cases, as here, Exhibit C lists the third party works downloaded by the defendant. The September 10, 2013 Order is not precedent and does not bind this Court.

Moreover, the key factual finding in the September 10, 2013 Order is clearly erroneous. Namely, the First Court found that no reasonable attorney would attach Exhibit C absent an improper purpose. Three other federal court judges have found that Exhibit C contains relevant and germane evidence. These judges refused to strike Exhibit C and/or issue sanctions against Plaintiff for the filing of Exhibit C. Accordingly, the First Court's factual finding that "no reasonable attorney" could attach Exhibit C absent an improper purpose must be erroneous in light of the other three federal court judges' conclusions. Respectfully, the mere split of *judicial* opinion on this issue renders invalid a factual finding based on the "no reasonable attorney" standard.

Regardless of this Court's finding of fact about whether a reasonable attorney could attach Exhibit C absent an improper purpose, sanctions should not be issued because they are unnecessary. In situations where a Rule 11 show cause order is entered *sua sponte* the Court should take into consideration any corrective actions taken by the accused party. This is because a *sua sponte* order denies the party and the party's attorney the twenty-one (21) day safe harbor provided by Rule 11. And, *sua sponte* Rule 11 show cause orders are typically reserved for situations akin to contempt of court.

Significantly, here, following the First Court's order, undersigned edited the form Complaint used by Malibu Media to remove Exhibit C. Following the September 10, 2013 Order, those new cases filed by undersigned and all of Malibu Media's other

attorneys do not contain the information listed on the Exhibit C subject to the September 10, 2013 Order. Instead, the Complaints in these new cases merely allege that Malibu Media possesses this information, which may be relevant for myriad reasons. Further, undersigned will not attach Exhibit C to any future cases. Under these circumstances, Rule 11 sanctions would not have a remedial or coercive effect. Instead, any such sanctions would only unfairly and cumulatively punish undersigned for acts undersigned genuinely believes were proper but has nevertheless ceased doing. Indeed, undersigned's reputation has already been tarnished and undersigned has already been punished.

ARGUMENT

I. Attaching Exhibit C Does Not Violate Fed. R. Civ. P. 11(B)(1)

The First Court cited *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Serv's Inc.,* 9 F.3d 1263, (7th Cir. 1993) for the proposition that:

> [E]ven if this court is unable to conclude definitively that the attorney *subjectively* thought that he, or she was engaging in harassment, sanctions may be warranted where an objectively reasonable attorney should know that: (1) there is no real need to take a given litigation action; *and* (2) the action would substantially harass or embarrass the opposing party. September 10, 2013 Order at pg. 8.

In *Harlyn,* the 7th Circuit affirmed the District Court's refusal to enter Rule 11 sanctions. As part of its analysis, the *Harlyn* court stated "it is not enough that the attorneys' subjective belief and purpose are innocent; it is also necessary that such mental state be based upon reasonable inquiry, objectively analyzed, into the basis for the facts alleged and into the law." The *Harlyn* Court did not say it was proper to sanction an attorney who attaches a relevant exhibit to a complaint merely because that

3

exhibit may embarrass the other side. Other than the First Court, no Court has ever found that a party could be sanctioned for filing a relevant exhibit to a non-frivolous lawsuit.

If applied uniformly to all types of complaints the First Court's rule, as quoted above, would dramatically reduce the number of exhibits attached to complaints. Parties are permitted to attach exhibits to complaints. And, in all types of cases from police abuse, fraud, theft, divorce, etc. parties attach exhibits which tend to establish that the other party committed the alleged legal wrong. These exhibits are by their very nature, often embarrassing. The exhibits may not be necessary. Nevertheless, exhibits are routinely attached to complaints. If a party can be sanctioned for attaching an exhibit that can be construed as embarrassing then parties would not attach them. Since parties do attach exhibits this cannot be the rule. And, indeed, the First Court appreciated this point by supplementing its opinion with the conclusion that ". . it would be consistent with the rules of evidence, which almost certainly would exclude on prejudice grounds the admissibility of any of these outrageous titles, whatever marginal, probative value they may arguably have." September 10, 2013 Order at 5.

It is on this final point that the First Court erred. Indeed, reasonable people can differ on whether the evidence on Exhibit C will be excluded in a motion *in limine*.

On September 30, 2013 the Honorable Robert J. Jonker, denied a motion to strike Exhibit C in the case of Malibu Media, LLC v. Marc Wilson, pending in the Western District of Michigan as case 1:13-cv-00357-RJJ. A copy of the transcript of those proceedings is attached as Exhibit C to the Response and incorporated herein by reference. Judge Jonker stated:

> But more to the point, all of that stuff is, I think, potentially germane to what's going on, especially when we're trying to find out is it this person whose name is associated in at least one place with the IP address or is it somebody else who is misusing the IP address? And 404(b) does anticipate evidentiary use of some of these other things. The plaintiff certainly doesn't have an obligation to plead everything, but it doesn't necessarily have a prohibition either. Rule 8 is a minimum standard, not a standard that precludes other useful information.  See Response at 32.

On August 16, 2013 a judge in the Northern District of Indiana stated in ruling on whether Plaintiff should be sanctioned for including Exhibit C in its complaint:

> While it is unclear from the face of the Complaint what "evidentiary purposes" Exhibit C serves or why Plaintiff feels it appropriate to present "evidence" at the pleading stage, Exhibit C is not so obviously irrelevant that this Court is prepared to assume Exhibit C was attached for the sole purpose of harassing Defendant or to sua sponte order Plaintiff to show cause for why it should not be sanctioned under Rule 11(b).  See Response at 33.

On January 3, 2013 Judge Baylson of the Eastern District of Pennsylvania denied a motion to strike a document which was essentially the same as Exhibit C. Judge Baylson found that the document was included for the legitimate purpose ". . . it is making an allegation which may become evidence to support its claim to relief."  See Response at 33.

These cases are not being cited for any precedential value: they have none.  The cites do, however demonstrate that the First Court's ruling is incorrect, as a matter of fact and law.  The above cited jurists reviewed the exhibit and found no objection to it being included as part of the complaint.  Unless you find that the three judges cited above are not reasonable attorneys, you must determine that the First Court was simply incorrect.  There is a need for the given litigation action *and* the action would not substantially harass or embarrass the defendant *and* the exhibit would not be excluded

5

as prejudicial.

II.     EFF's Amicus Brief is of No Value

"Permitting an amicus curiae brief is discretionary." *Jones Day v. Blockshopper LLC*, 08 CV 4572, 2008 WL 4925644 (N.D. Ill. Nov. 13, 2008) (denying the EFF's motion to file an amicus curiae brief). "The Seventh Circuit has cautioned against amicus briefs that do not 'assist the judge ... by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, 01 C 6157, 2004 WL 1197258 (N.D. Ill. May 28, 2004) citing *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

In its motion for permission to file the Amicus Brief, EFF claims to have participated in numerous cases from around the country which are similar to this case. See EFF Motion at 2. One of the attorneys for EFF, Erin Russell has been counsel of record for dozens of cases involving Malibu Media and other similar plaintiffs. Despite the claim of extensive experience representing defendants, EFF in its Amicus Brief has not provided any evidence to support its claims that the material listed on Exhibit C has any adverse effect on any of its clients. Therefore it is surprising for the Amicus Brief to claim that the inclusion of the material on Exhibit C ".. .can devastate a defendant's reputation, family, personal and professional relationships, and even his or her livelihood simply by association". See Amicus Brief at 11. Are they talking about a cited case involving "hard-core" child pornography? Surely, EFF is not making a claim that the works listed on Exhibit C is child pornography. So, what is the basis for their claim that personal devastation surely follows the inclusion of Exhibit C?

The closest that the Amicus Brief comes to providing any evidence of ill effects of

being named a defendant in a case claiming the theft of pornographic films is a citation from a case in New York that did not involve Malibu Media nor the issue of including Exhibit C type material in a complaint. One unnamed woman is quoted as claiming that she was embarrassed, that her reputation in the community and in her religious community was damaged. See Amicus Brief at 12. Plaintiff submits that such an affidavit could be provided by many defendants involved in civil litigation. Being sued in federal court is embarrassing.

Surely if the effects of being sued by the likes of Malibu Media are so devastating EFF or its counsel could have come up with some evidence. There is none.

EFF also asserts, again without any evidence, that Plaintiff is guilty of coercion by delivering a copy of its complaint to the defendant. See Amicus Brief at 14. EFF fails to explain how receipt of the complaint would cause any defendant to act in a manner against there own interests, the very definition of coercion. Again, EFF has many clients who have received a complaint filed by Plaintiff. Yet, EFF has failed to state any act done by any of its clients that was coerced by receiving the complaint.

EFF also fails to explain how the alleged coercion or embarrassment is attributable to the contents of Exhibit C. Can they demonstrate that their clients were less embarrassed or coerced by complaints filed before the inclusion of Exhibit C? How much greater is the embarrassment or coercion because of Exhibit C? Is EFF saying that the defendant's willingness to resolve the case is influenced by the inclusion of Exhibit C? If so, they must have some data to support that claim. Were their clients willing to offer less in settlement before the inclusion of Exhibit C because they felt less embarrassed or coerced?

All of the above assumes, of course, that all the Does actually receive a copy of the complaint. A fact not established by EFF.

Finally, EFF argues that Plaintiff's conduct in seeking to seal Exhibit C does not affect the duty under Fed.R.Civ.P. 11 because merely filing the complaint with Exhibit C included begins the "shakedown" of the defendant. Yet another assertion without any facts to support it.

EFF's entire argument about harassment and coercion is based on the supposition that defendants are inherently embarrassed and ashamed to have anyone know about the type of downloads they are accused of. The information contained in Exhibit C is, after all created by the defendant. If Exhibit C is kept out of the public domain, the defendant is the only person to see it, other than officers of the court. Likewise, Plaintiff's acknowledged policy of never objecting to a defendant's request to proceed anonymously, further removes the specter of public exposure. It also diminishes that alleged coercive power of the document.

Then there is the issue of degree of embarrassment. EFF does not deny that Plaintiff has a right to include the titles of its copyrighted material in the complaint. EFF also does not deny that Plaintiff's copyrighted material is often referred to as either "adult entertainment" or "pornography". On the other hand, the titles on Exhibit C are a mix of adult entertainment and main stream works. If Plaintiff's intent in filing Exhibit C was to maximize potential embarrassment of the defendant, there is no advantage to including the mainstream titles.

As set forth above, the court should grant a motion to file an amicus brief in situations where the brief assists the court in presenting information, arguments or ideas

not presented by the parties. The Amicus Brief fails that test. The Amicus Brief is filled with quotations of dicta which are speculative at best. Where EFF could have provided assistance to this Court it has failed. There is not one piece of evidence from EFF from its clients substantiating any of the alleged harassment, embarrassment or coercion. Given the multiple opportunities to present such evidence, one must assume that none was produced because none exists.

## CONCLUSION

Plaintiff and its attorneys state that this Court should deny EFF's Motion for Leave to File an Amicus Brief for the reasons set forth above.

Plaintiff's and its attorneys also state that for the reasons set forth in the Response as well as above, they should not be found to have violated Fed.R.Civ.P 11 for its inclusion of the material in Exhibit C in its complaints.

Respectfully submitted,
SCHULZ LAW, P.C.
By: /s/ Mary K. Schulz
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
SchulzLaw@me.com

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel ofrecord and interested parties through this system.

By: /s/ Mary K. Schulz